**Calvin SELLARS, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 28003.**

United States Court of Appeals,
Fifth Circuit.

July 28, 1970.

---

Will Gray, Houston, Tex., George Leppert, G. Wray Gill, New Orleans, La., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., Robert C. Flowers, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for appellee.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Calvin Sellars, a Texas State prisoner under sentence of death for robbery by firearms, appeals from the denial of his petition for writ of habeas corpus. A prior petition was dismissed by the district court for failure to exhaust state remedies under Article 11.07, Vernon's Ann. Texas Code of Criminal Procedure, applying our decision in Texas v. Payton, 5 Cir. 1968, 390 F.2d 261. How-

ever, before dismissing this earlier petition the district judge had conducted a full evidentiary hearing.

When he undertook to consider the present (or second) petition, the district judge had before him a voluminous record, one fully meeting Townsend v. Sain[1] standards, including the original state trial record, the extensive evidentiary record made upon the previous federal habeas corpus petition, and the lengthy and complete record made in the state habeas corpus proceedings together with the state habeas judge's detailed findings thereon. Also before him was the opinion of the Texas Court of Criminal Appeals[2] on Sellars' direct appeal from his conviction. The Texas Court of Criminal Appeals denied review of the state habeas corpus proceedings without an opinion. This appeal was timely taken from the denial of habeas corpus relief from the state court conviction.

The principal contentions on appeal are to the effect that:

(1) Both oral and written confessions used in the state trial were inadmissible because they were shown to be involuntary under the totality of the circumstances present and were each made without Sellars being advised of his constitutional rights to remain silent and to have the assistance of counsel;

(2) He was denied assistance of counsel at a critical stage of the proceedings against him; and

(3) The written and oral confessions were inadmissible as being the fruit of an unlawful detention. We affirm. Neither contention is meritorious.

### I.

Two confessions were admitted against Sellars at his trial, a written confession made on the date of his arrest, and an oral confession made three days later.

The written confession resulted from post-arrest interrogation by two Houston police officers, Hodges and Schallert, in their police car. Sellars was arrested March 17, 1964, about 4 P.M. and questioned until about 6 P.M. He gave a written statement which was typed by Hodges in the police car and completed at 10 P.M. The two officers then drove him to a place along the Gulf Freeway where appellant indicated some items from the robbery had been thrown. About midnight the two officers brought appellant into the main Houston police station where he signed the written confession in the presence of witnesses. The confession included the details of a brutal robbery by Sellars and two accomplices, Young and Spivey, on the evening of March 11, 1964, in the home of a Houston citizen named Mair Schepp. Schepp, his wife and the governess of their children were beaten and tortured. A Houston criminal lawyer, Sam Hoover, was also implicated by Sellars' confession as the master mind of the robbery.[3]

The oral confession differed in certain details from the written confession. It resulted from a conversation Sellars had with a Houston police officer, Stone, who had been his friend for twelve years. Stone talked with him at the police station on March 20, 1964, when Sellars again gave details of the robbery and tortures and further implicated Young and Spivey, and gave further information identifying Sam Hoover as having plotted the robbery.

 As to both confessions it is strenuously urged by appellant that they should not have been admitted in evi-

1. 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

2. 400 S.W.2d 559.

3. Sellars was jointly indicted with Hoover, Young and Spivey. He was tried alone and received the death penalty. Hoover and Young were convicted and received sentences of 60 years confinement for Hoover and death for Young, both convictions and sentences being affirmed on appeal. The case against Spivey was dismissed because of his testimony against Hoover.

dence against him because they were involuntary and were given without his being advised of his rights to remain silent and to have assistance of counsel. Sellars' trial commenced February 15, 1965, and was thus after *Escobedo* [4] but before *Miranda* [5], so that the requirements of *Escobedo* but not those of *Miranda* apply.[6] *Escobedo* does not require a warning of the rights to remain silent and to assistance of counsel, Calloway v. Wainwright, 5 Cir. 1969, 409 F.2d 59; Texas v. Payton, 5 Cir. 1968, 390 F.2d 261, but the failure of the police to give such warnings, as in the instant case, must be considered as a part of the "totality of circumstances" surrounding the confessions as to the issue of voluntariness. Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Johnson v. New Jersey, supra. Standing alone, failure to advise of rights to remain silent and to counsel is not sufficient basis for federal habeas corpus relief in the pre-*Miranda* post-*Escobedo* situation presented here. Texas v. Payton, supra.

■ Crediting the testimony of the detectives, the courts below, commencing with a full Jackson v. Denno [7] type hearing in the trial court, found that appellant's written confession was voluntary and that he was not mistreated, mentally or physically abused or tortured in any way and that no promises or other inducements were involved. His body showed no marks of physical abuse and he complained of none after his arrest although he had opportunity to do so. The fact that he was kept incommunicado (both in the police car and at the police station) after he was picked up is of course a circumstance to be weighed, but

we cannot say that the courts below committed error in accepting police testimony that this was done because of Sellars' fears for the safety of his family at the hands of the other persons whom he had implicated and who were then still at large. The district court may not be held in error for adopting the findings of the state courts that the written confession was voluntarily given and admitted in evidence against Sellars under proper safeguards.

■ The appellant further contends that the trial court committed error in permitting his oral confession to Officer Stone to go to the jury because appellant (himself) did not intelligently and knowingly waive his right to contest its admissibility, separate and apart from the admission into evidence of the written confession. This contention fails because his counsel did not object to the admission of the oral confession and in fact specifically rejected the trial judge's offer to conduct a separate Jackson v. Denno (supra) hearing as to its admissibility. Additionally, prejudice is not shown by this waiver of a separate hearing inasmuch as Sellars was already inextricably implicated as a full principal in the robbery offense by his written confession, which, as demonstrated above, was properly received in evidence and was amply sufficient standing alone to support conviction. In a word, proof of the oral confession was simply a work of supererogation on the part of the state prosecutor.

## II.

■ Appellant next contends that he was denied the right to counsel during the custodial interrogation which produced the confessions (particularly the written confession) used against

---

4. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (June 22, 1964).

5. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (June 13, 1966).

6. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, rehearing denied 385 U.S. 890, 87 S.Ct. 12, 17 L.Ed.2d 121 (1966).

7. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964).

him. It is of course clear under *Escobedo* that post-arrest interrogation is a critical stage of a proceeding and it is clear from the evidence that Sellars was under interrogation when he confessed. But *Escobedo* protects the right to counsel only when counsel is requested. Neither during the decisive hours following arrest nor during the conversation three days later with Officer Stone nor at any other time did appellant request anyone, police officer or otherwise, to permit him to consult with counsel or state that he was represented by counsel or give the name of any attorney he wanted to see. He did not represent to anyone that he had requested permission to see counsel or that any such request had been denied. In fact he specifically requested not to see certain attorneys known to be connected with Sam Hoover, whom he implicated as the instigator of the robbery. It was not until after his written and oral confessions were made that he requested the assistance of counsel. The request was then granted.

This record does not sustain the claim of violation of the Sixth Amendment right to counsel. Escobedo v. Illinois, supra; Texas v. Payton, supra.

### III.

 The final claim advanced by Sellars is that both the written and oral confessions were inadmissible because they were the fruits of continuous illegal detention starting with the illegal arrest at 4 P.M. on March 17, 1964. The record will not support this claim. Rather it supports the findings and conclusions of the state trial judge and the state habeas corpus judge as adopted by the court below that his arrest was valid and that the subsequent incommunicado procedure was at Sellars' request. At the time of arrest the arresting officers had knowledge of the existence of a valid warrant issued by the Texas Parole Board for breach of parole, and were further in possession of credible information and physical evidence linking Sellars to the Schepp robbery. Proper precaution directed that the police proceed with the arrest before Sellars was permitted to go to his home and before arrival of the parole violator warrant in the mail because the officers had strong reason to believe that Sellars would flee. At a prior time on that day appellant's wife had learned from a police visit to the home that both the police and the Parole Board were looking for appellant. They were justified in believing that Sellars would not tarry once he was permitted to return home and receive this information. We refuse to disturb the conclusion reached by the state habeas court and adopted by the district court below that appellant's arrest without a warrant was justified by the circumstances.

We do not overlook that from the time of appellant's arrest on the afternoon of March 17, 1964 and until 2:30 A.M. on March 18, 1964, the police exerted every effort to keep information of Sellars' arrest and interrogation from the public. We hold however that this incommunicado treatment and similar treatment thereafter did not constitute illegal detention because as pointed out in section I above it was requested by appellant in the interest of his family's safety because of his concern that the other unarrested participants in the robbery would attempt to harm his family as retaliation for his confessions.

The judgment of the lower court was correct. It is

Affirmed.