Lawrence Erskine **TAYLOR**, Petitioner-Appellant,

v.

**M. J. ELLIOTT**, Warden, Atmore Prison Farm, Respondent-Appellee.

No. 71-3454.

United States Court of Appeals,
Fifth Circuit.

April 14, 1972.

Rehearing and Rehearing En Banc Denied May 17, 1972.

Fred Blanton, Jr., Birmingham, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., John A. Yung, IV, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before RIVES, COLEMAN and DYER, Circuit Judges.

DYER, Circuit Judge:

Taylor, an Alabama state prisoner, appeals a denial of federal habeas corpus relief from his conviction on a jury verdict of guilty of second degree murder. He claims that an incriminating statement made by him while in the custody of state police officers and without the presence of his retained counsel was constitutionally inadmissible at his trial. We reverse.

On January 13, 1965, Taylor was arrested and jailed in Dublin, Georgia in connection with a homicide that occurred a few days earlier in Birmingham, Alabama. The Birmingham police contacted the Dublin sheriff's office to arrange for the extradition of Taylor to face the Alabama charge. Taylor's mother, also in Dublin, secured a lawyer for him from Birmingham who advised her to have her son waive extradition, to tell him that he was not to make any statement to the police in connection with their accusations, and that he could not be required to make any statement without first consulting with his lawyer.

On January 15, 1965, two detectives from the Birmingham police department drove to Dublin, a distance of approximately four hundred miles, to return Taylor to Birmingham to face the charges against him. When they arrived, they took Taylor into the interrogation room of the Dublin jail to talk with him about the charge. Taylor's mother was with him. She told the detectives, while all four were in the room, that she had retained a lawyer in Birmingham for her son, that he had instructed her to tell her son to consent to return to Birmingham with the officers, but that he should in no event make any statement to the officers. In the presence of the officers, she repeated to her son the attorney's instructions that he was not to make any statement to the officers without the advice of his lawyer.

At the conclusion of the conversation and after Taylor's mother departed, the officers proceeded to question Taylor about the homicide. Following the advice he had been repeatedly given, Taylor said that he would answer no questions as directed by his attorney. At the time of this questioning, Taylor was 18 years old and had an eighth grade education.

Shortly thereafter, Taylor left by car for Birmingham in the custody of the two detectives. The trip lasted until early evening. During the trip the officers repeatedly questioned Taylor about the homicide, at times without interruption for periods of one hour. Until the final half-hour of the eight hour ride, Taylor, following his lawyer's advice, continued to refuse to talk in the absence of his lawyer. During the final half hour, however, he made statements to the officers implicating himself in the crime which were introduced, over objection, at the trial.

Taylor's trial occurred subsequent to Escobedo v. Illinois, 1963, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, but prior to Miranda v. Arizona, 1965, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, so that the requirements of *Escobedo* but not those of *Miranda* apply. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. In *Escobedo* the Court held that where an investigation has begun to center on a particular suspect, he is taken into custody and is interrogated, "[t]he suspect has requested

and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute right to remain silent, the accused has been denied 'the Assistance of ·Counsel' in violation of the Sixth Amendment. . . . " *Escobedo, supra,* 378 U.S. at 491, 84 S.Ct. at 1765. In Sellars v. Beto, 5 Cir. 1970, 430 F.2d 1150, 1154, we pointed out that *Escobedo* protects the right to counsel only when it is requested.

We have no doubt, however, that such a request was clearly made in this case. The officers knew that counsel had been retained for the accused, and that counsel had advised and instructed him not to make any statements. During the decisive hours following the arrest and during seven and one half hours of the eight hour trip in the car with the two detectives Taylor refused to answer questions on advice of and in the absence of counsel. His final capitulation to interrogation under these circumstances cannot make his inculpatory statements admissible in the face of such a patent violation of Taylor's Sixth Amendment right to counsel.

The judgment of the district court is reversed and the case is remanded with directions to grant the writ of habeas corpus unless the State of Alabama elects to retry Taylor within ninety days from the date of the mandate herein.

Reversed and remanded with directions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

**PER CURIAM:**

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.