Richard Carter NEWMAN, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director of Florida Division of Corrections, Respondent-Appellee.

No. 71–1548.

United States Court of Appeals, Fifth Circuit.

July 31, 1972.

---

1. Because the mandate had not been spread.

2. No petition for rehearing or for a writ of certiorari was filed.

Aaron Foosaner, North Miami Beach, Fla. (court appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Charles Musgrove, Andrew I. Friedrich Asst. Attys. Gen., West Palm Beach, Fla., for respondent-appellee.

1. F.S.A. § 794.01

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

By his habeas corpus petition Newman contends that his death sentence for rape should be set aside because the voir dire examination of the jury panel was not recorded, thus foreclosing to him proof that prospective jurors might have been excused in violation of the precepts of Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. Secondly, he urges that the imposition of the death penalty amounts to cruel and unusual punishment in violation of the Eighth Amendment.

The intervening decision in Furman v. Georgia, 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 and its companion cases holding that the death penalty as imposed under the Georgia and Texas statutes is cruel and unusual punishment in violation of the Eighth Amendment is controlling. There, as in Florida,[1] the death penalty has been inequitably, arbitrarily, and infrequently imposed and thus "constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments". 408 U.S. at 239, 92 S.Ct. at 2727.

The judgment of the district court is reversed and the case is remanded with directions to grant the writ if the state of Florida should fail or refuse within a reasonable period of time to reduce Newman's sentence to a period not exceeding life imprisonment.[2]

Reversed and remanded with directions.

2. Our disposition of the case makes it unnecessary for us to consider Newman's contention concerning the lack of the voir dire transcript.