**August WILLIAMS, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 71-2674.**

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1972.

Shalle Stephen Fine, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

Thomas F. Schexnayder, New Orleans, La. (Court-appointed), for petitioner-appellant.

Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., Maurice R. Franks, New Orleans, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

PER CURIAM:

Petitioner was convicted on a Louisiana charge of aggravated rape and sen-

tenced to death. After exhausting State remedies, he filed the present § 2254 application for writ of habeas corpus which was denied by the District Court. We vacate and remand.

Petitioner asserts two constitutional grounds for setting aside his death penalty. The first of these, the *Witherspoon*[1] issue, need not be confronted because recent Supreme Court pronouncement makes clear that his second contention, the assertion that the death penalty is cruel and unusual punishment in contravention of the Eighth Amendment, requires reconsideration of the Petition for Writ of Habeas Corpus by the District Court. Accordingly, we vacate the District Court's order and remand for reconsideration in light of Furman v. Georgia, 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 and companion cases.

Vacated and remanded.

---

1. Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The issue here involved analysis of a *Witherspoon* problem in light of La.C.Cr.P. Art. 799.