**John A. HENNINGER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

No. 72-2124

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1972.

John A. Henninger, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., J. Robert Olian, Miami, Fla., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

John A. Henninger appeals from an order of the district court denying his petition for the writ of habeas corpus. We dismiss the appeal as moot.

The appellant was convicted of first degree murder and was assessed the death penalty by the jury. In his habeas petition filed below he alleged that the voir dire examination of prospective jurors was conducted in such manner as to select only those who would not recommend mercy. The district court dismissed the petition without prejudice, finding that the issue had not first been presented to the state court. The record reveals this finding to be correct.

■ While this appeal has been pending in this Court, the State of Florida, prompted by the United States Supreme Court decision in Furman v. Georgia, 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L. Ed.2d 346, commuted all death penalties to life imprisonment. Florida Statutes 72–118. Therefore the appeal is rendered moot.

■ In his petition below the appellant also contended that the trial court erred in allowing into evidence prejudicial photos of the deceased. Appellant abandoned this issue on appeal. He would not, however, be entitled to relief on this issue. The admission of the photographs presents no federal constitutional question. Alligood v. Wainwright, 5th Cir. 1971, 440 F.2d 642; Williams v. Wainwright, 5th Cir. 1970, 427 F.2d 921.

The appeal is dismissed.

Dismissed.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.