**Gerald EATON, Petitioner-Appellant,**

v.

**Walter CAPPS, Warden, Respondent-Appellee.**

No. 73–1585

**Summary Calendar.***

United States Court of Appeals,

Fifth Circuit.

July 5, 1973.

J. Paul Lowery, Montgomery, Ala. (Court-appointed, not under CJA), for petitioner-appellant.

William J. Baxley, Atty. Gen., Leslie Hall, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges:

SIMPSON, Circuit Judge:

Following the decisions of the Supreme Court of the United States in Furman v. Georgia, 1972, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346, and companion cases, this court has consistently remanded habeas corpus appeal cases involving state prisoners under death sentence to the appropriate federal district courts

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

with directions to grant the writ if the sentencing state court or the state custodial authorities should fail or refuse within a reasonable time to reduce the state prisoner's death sentence to life imprisonment or a period of confinement not in excess thereof. Some remands, because of the procedural posture of the particular case, have been for reconsideration by the district court in the light of *Furman*. See, e. g. Alexander v. Henderson, 5 Cir. 1973, 470 F.2d 1370; Williams v. Henderson, 5 Cir. 1972, 465 F.2d 995; Newman v. Wainwright, 5 Cir. 1972, 464 F.2d 615.

The instant appeal involves a state habeas corpus petitioner under death sentence for first degree murder fixed by his trial jury. Eaton's case [1] was pending before the federal district court when *Furman* came down. The action taken by the district judge was (1) to order

Eaton removed from Death Row at Kilby Prison, Alabama, to the general prison population pending further state court proceedings, and (2) to direct that the state trial court re-sentence Eaton to the only lawful punishment left in the light of *Furman*, the life sentence mandated by Alabama law.[2] This appeal followed. We affirm.

What the petitioner appellant terms his "threshold" issue on appeal questions the constitutional validity of his conviction in view of the fact that the portion of the statute under which he was sentenced (note 2, supra) is unconstitutional under *Furman*, supra, since the Georgia and Texas statutes [3] involved in that case were essentially the same as the Alabama statute under which Eaton's death sentence was imposed. Eaton, therefore claims that he was entitled to be discharged instanter by the federal

1. Involving inter alia, a Witherspoon v. Illinois, 1968, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 capital punishment jury selection question. The district judge had several years previously stayed the federal proceedings to permit exhaustion of state judicial remedies as to other questions raised. The death of petitioner's counsel had apparently brought the state court proceedings to a standstill.

2. Code of Alabama, 1940, Title 14, Sec. 318 provides in pertinent part:
   "Any person who is guilty of murder in the first degree shall on conviction suffer death, or imprisonment in the penitentiary or imprisonment for life in the discretion of the jury."
   The order of the court below appealed from did not, as asserted by appellant's brief, undertake to re-sentence Eaton to imprisonment for life. That order is dated September 22, 1972 and the brief of the appellee asserts, without of course support in the record, that the state trial court resentenced Eaton to life imprisonment *nunc pro tunc*, on November 15, 1972.

3. The three petitioners in *Furman* and related cases, supra, were convicted under the following statutes:
   Furman, the petitioner in No. 69–5003, was convicted of murder in Georgia and sentenced to death pursuant to Ga.Code Ann. Sec. 26–1005 (Supp.1971) (effective prior to July 1, 1969).

Jackson, the petitioner in No. 69–5030, was convicted of rape in Georgia and sentenced to death pursuant to Ga. Code Ann. Sec. 26–1302 (Supp.1971) (effective prior to July 1, 1969).
   Branch, the petitioner in No. 69–5031, was convicted of rape in Texas and was sentenced to death pursuant to Vernon's Tex.Penal Code Ann., Art. 1189 (1961).
   In the interest of space we do not quote the Georgia statutes involved. As the text indicates, they are not dissimilar in content from the Alabama statute involved here, Code of Alabama 1940, Title 14, Sec. 318, in that each permits the trial jury to decide by making or withholding a recommendation to mercy whether the penalty to be imposed shall be death or imprisonment for life.
   The Texas statute, Vernon's Penal Code Ann. Art. 1189 (1961) provides simply that "A person guilty of rape shall be punished by death or by confinement for life, or for any term of years not less than five."
   Assessment of penalties by Texas juries in capital cases is mandated by Vernon's Ann.Code of Criminal Procedure, Art. 37.07, sub. 2(b), effective 1967, formerly Arts. 693, 770 and 750. Other sections of Vernon's Code of Crim.Procedure provide for jury assessment of penalties in non-capital cases and in capital cases where the death penalty is not sought by the state.

habeas court. This contention is indeed wide of the mark. As the Per Curiam opinion of the Supreme Court shows, 408 U.S. at 239, 92 S.Ct. at 2727, 33 L.Ed.2d at 347, certiorari was granted limited to the following question: "Does the imposition and carrying out of the death penalty in [these cases] constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments?" The holding answers the question in the affirmative. The Per Curiam opinion continues: "The judgment in each case is therefore reversed *insofar as it leaves undisturbed the death sentence imposed*, and the cases are remanded for further proceedings." (Emphasis added). None of the statutes involved is held unconstitutional per se, simply the imposition of death sentences under them. Nothing contained in any of the separate opinions of Justices Douglas, Brennan, Stewart, White and Marshall in concurrence, and the Chief Justice and Justices Blackmun, Powell and Rehnquist, in dissent, indicate that the holding is broader than this.

■ The several pre-Furman lower court cases [4] cited by petitioner-appellant are completely inapposite to any question raised in his brief. It is clear we think that the effect of Furman v. Georgia and the correct procedure to follow is as we outline at the start of this opinion, and as developed by us in Alexander v. Henderson, supra, Williams v. Henderson, supra, Newman v. Wainwright and similar decisions. The procedure followed by the court below did not significantly depart from the teachings of our cases.

The petitioner-appellant's two remaining issues, "subsidiary", he asserts to the above first or "threshold" issue, are determined for all practical purposes by our discussion of his first issue.

He questions the judicial authority of the United States District Court for the Middle District of Alabama to reduce a death penalty for murder in the first degree to imprisonment for life by an order entered in an habeas corpus proceeding.[5] As indicated above, this is not what occurred and the question is not necessary for decision. What the federal district court did was to remand the case to the state trial court for imposition of a corrected sentence in the light of *Furman*.

■ The last subsidiary issue discussed on brief is whether or not Eaton has the constitutional right to be present when he is re-sentenced, either "by the U.S. District Court or any other court by reduction of his sentence from the death sentence to life imprisonment". This question was not dealt with by the district judge below and may not be raised before us on this appeal. The lower court (1) simply determined that "while the sentence of death imposed upon Petitioner is unconstitutional, and void, other reasons justify state detention of Petitioner pending correction of his sentence", order of September 22, 1972, page 6, (2) directed that he be removed from Death Row pending further procedures, as an humane procedure, order of September 22, 1972, pages 6–8, and (3) left the procedures attendant upon re-sentencing to be fixed by Eaton's state trial judge, order of September 22, 1972, pages 2–5, page 8.

Whether re-sentencing has already taken place on November 15, 1972 (see note 2, supra) or is to take place in the future, if the re-sentencing is in appellant's judgment subject to attack for constitutionally infirm procedures, his non-presence or otherwise, his first recourse

---

4. He cites, without really indicating what proposition they support, the cases following:

   Stiltner v. Rhay, E.D.Wash., 1965, 258 F.Supp. 487, affirmed 9 Cir. 1966, 367 F.2d 148; Arketa v. Wilson, 9 Cir. 1967, 373 F.2d 582; Rhea v. Edwards, M.D.Tenn.1955, 136 F.Supp. 671; Duncombe v. New York, S.D.N.Y.1967,

267 F.Supp. 103; U.S. ex rel. Mascio v. Ragen, 7 Cir. 1950, 179 F.2d 930.

5. Eaton asserts that the sole relief he sought below was injunctive relief against state authorities to prevent his execution, and that the federal court's authority to act did not extend beyond affording that relief.

is to the courts of Alabama. Upon exhaustion of Alabama judicial remedies, he will be free to return to the federal district court for correction of state violations of federally guaranteed rights by a further habeas corpus petition under Title 28 U.S.C. Sections 2241 et seq. Any earlier consideration of this issue by this Court or the district court below would be premature.

Affirmed.