**James Walter CHERRY**

v.

**STATE OF TEXAS.**

**No. CA 4–2242.**

United States District Court, N. D. Texas, Fort Worth Division.

Aug. 3, 1973.

James Walter Cherry, pro se.

John L. Hill, Atty. Gen., of Texas, by Larry F. York, Joe B. Dibrell, Thomas M. Pollan, Austin, Tex., for respondent.

## MEMORANDUM OPINION

BREWSTER, Chief Judge.

This is a petition for writ of habeas corpus seeking to set aside petitioner's life sentence for murder with malice upon a jury verdict in Cause Number 79923, State v. Cherry, Criminal District Court Number 1, Tarrant County, Tex-

as. The jury originally assessed the death penalty. The appellate court affirmed the conviction and death sentence in Cherry v. State, Tex.Cr.App., 488 S. W.2d 744 on June 28, 1972. On June 29, 1972, the Supreme Court ruled, in three companion cases, that the imposition of the death penalty under the Georgia and Texas statutes was unconstitutional. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346; Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346; Jackson v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

On September 13, 1972 the Governor of Texas commuted petitioner's sentence to life imprisonment.

In his first motion for rehearing in the Court of Criminal Appeals, petitioner argued that the Governor did not have the power to commute his sentence while his case was on appeal. The appellate court had previously ruled on that question in Whan v. State, Tex.Cr. App., 485 S.W.2d 275 (1972). The court ordered the judgment of the trial court reformed to reflect a life sentence and overruled the motion for rehearing. The Supreme Court denied petition for certiorari on March 27, 1973. Cherry v. State of Texas, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199. Petitioner was formally sentenced on May 17, 1973.

In the present application petitioner contends that the Governor did not have the authority to commute his sentence for the following reasons:

1. The Supreme Court decision in Furman v. Georgia, supra, rendered the statute under which he was sentenced unconstitutional, thereby entitling him to a new trial.

2. The Texas Code of Criminal Procedure prohibits such action while a case is still on appeal and provides that he must be present and give his consent.

█ The issue raised in petitioner's first ground was decided by the Fifth Circuit in Eaton v. Walter Capps, 480 F.2d 1021 (1973). Eaton was a state prisoner under death sentence for first degree murder in Alabama. His habeas

corpus petition was pending before the federal district court when the Supreme Court decided Furman v. Georgia, supra. The district court ordered Eaton removed from death row at the state penitentiary and directed that he be re-sentenced. On appeal he attacked the constitutionality of his conviction and the Alabama statute under which he was sentenced on the basis of its similarity to the Georgia and Texas statutes in the Furman case. The appellate court denied relief:

"This contention is indeed wide of the mark. As the Per Curiam opinion of the Supreme Court shows, 408 U.S. at 239, 92 S.Ct. at 2727, 33 L.Ed.2d at 347, certiorari was granted limited to the following question: 'Does the imposition and carrying out of the death penalty in (these cases) constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments?' The holding answers the question in the affirmative. The Per Curiam opinion continues: 'The judgment in each case is therefore reversed *insofar as it leaves undisturbed the death sentence imposed*, and the cases are remanded for further proceedings.' (Emphasis added.) None of the statutes involved is held unconstitutional per se, simply the imposition of death sentences under them. Nothing contained in any of the separate opinions of Justices Douglas, Brennan, Stewart, White and Marshall in concurrence, and the Chief Justice and Justices Blackman, Powell and Rehnquist, in dissent, indicate that the holding is broader than this." Eaton v. Walter Capps, supra.

Petitioner has not presented facts which entitle him to a new trial. The Fifth Circuit has followed the practice of remanding cases involving prisoners under death sentences to the appropriate federal district court with directions to grant the writ if the sentencing state court or the state custodial authorities should fail or refuse within a reasonable time to reduce the state prisoner's death sentence to life imprisonment or a period of confinement not in excess thereof.

Newman v. Wainwright, 5 Cir., 464 F.2d 615 (1972); Williams v. Henderson, 5 Cir., 465 F.2d 995 (1972); Alexander v. Henderson, 5 Cir., 470 F.2d 1370 (1972); Eaton v. Walter Capps, supra.

Texas has elected to reduce death sentences to life imprisonment by executive order. The Governor is granted the authority to commute sentences under Article IV, Section 11 of the Texas Constitution, Vernon's Ann.St., and Article 48.01 of the Texas Code of Criminal Procedure, Vernon's Ann. Any related petitions which may be pending in state and federal courts are thereby rendered moot. Henninger v. Wainwright, 5 Cir., 467 F.2d 217 (1972).

■ The Texas courts have upheld the validity of this procedure. In the Whan case, supra, the United States granted certiorari to a petitioner under a death sentence in Texas. The court reversed the judgment of the Texas Court of Criminal Appeals insofar as it imposed the death penalty, for noncompliance with the standards of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Whan v. Texas, 403 U.S. 946, 91 S.Ct. 2281, 29 L.Ed.2d 856 (1971). Before the appellate court could comply with the mandate, the Governor of Texas commuted Whan's sentence from death to life imprisonment. The Court of Criminal Appeals upheld the propriety of the Governor's action.

" . . . the Governor's commutation is valid, notwithstanding that the case is still pending before this Court. Article IV, Sec. 11 of the Texas Constitution, Vernon's Ann.St. and Art. 48.01, V.A.C.C.P., provide:

'In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishments and pardons . . . '

In construing the meaning of the term *after conviction*, as used in the above provision, this Court stated, in

the case of Snodgrass v. State, 67 Tex. Cr.R. 615, 150 S.W. 162 (1912):

'Under the common law, a person was said to be convicted of the crime when verdict was rendered thereon adjudging him guilty . . .' at 172.

'The foregoing references show that the ordinary meaning of the word "conviction" is the verdict of guilty pronounced by a jury' at 173.

'Thus it is seen that the terms "after conviction" in our Constitution do not embrace the sentence, but simply mean that the determination of guilt or innocence of a defendant, and the person becomes subject to pardon whenever that issue is finally determined.' at 174.

"Likewise, in Goss v. State, 107 Tex. Cr.R. 659, 298 S.W. 585 (1927), this Court stated:

'While in some sense the term "conviction" applies to a final judgment of guilty, that term, as used in our Constitution, means a *verdict* "of guilty," and a pardon granted pending appeal is valid.'

\*  \*  \*  \*  \*  \*

"The Supreme Court reversed our affirmance only in regard to the death penalty. The Governor's commutation has rendered the death penalty portion of the trial court's judgment and subsequent sentence a nullity. Therefore, the proper course for this ·Court to follow is to again affirm the judgment of the trial court. By so doing the order of the Supreme Court is satisfied." 485 S.W.2d 276, 277.

*Whan* set the precedent for Cherry v. State, supra.; and subsequent decisions. Stanley v. State, Thames v. State, Curry v. State, David v. State, Wright v. State, Smith v. State, Tea v. State, Branch v. State, Matthews v. State, Morales v. State, Huffman v. State, Tex.Cr.App. 490 S.W.2d 828 (1972).

The Fifth Circuit cited *Whan* in an order modifying its decision in Sellars v. Beto, 430 F.2d 1150 (1970), vacated 408 U.S. 937, 92 S.Ct. 2865, 33 L.Ed.2d 756. The Supreme Court vacated judgment insofar as it left the death penalty undisturbed. The appellate court subsequently entered an order on August 22, 1972 which reversed the judgment of the District Court and remanded with directions to grant the writ. However, in an order dated September 6, 1972, the Court of Appeals granted the appellee's motion to withdraw the order of August 22, 1972 for the following reason:

"On August 9, 1972, by his Proclamation No. 72–3243, the Governor of Texas, the Honorable Preston Smith, commuted the sentence of the petitioner-appellant Calvin Sellars from death to life imprisonment in the Texas Department of Corrections. Such a commutation is an appropriate and valid exercise of the Governor's authority. See Tracey Virgil Whan, Appellant, v. The State of Texas, Appellee, Tex.Cr. App.1972, 485 S.W.2d 275 (decided June 28, 1972), by the Court of Criminal Appeals of Texas upon the going down of the mandate of the Supreme Court of the United States in Whan v. Texas, 1971, 403 U.S. 946 [91 S.Ct. 2281, 29 L.Ed.2d 856]. There that Court in a similar situation reaffirmed the judgment of the trial court after the Governor of Texas granted a commutation of sentence from death to life imprisonment. The order of the Supreme Court was deemed by the Texas Court of Criminal Appeals to be satisfied by this procedure. ·

"We conclude that the action of the Governor of Texas in granting a commutation of Sellars' sentence from death to life imprisonment has in effect rendered moot the question before this Court and has satisfied the mandate of the Supreme Court of the United States. \* \* \* Insofar as they relate to the death sentence originally imposed upon the petitioner-appellant, the prior judgment of the district court and this Court's affirmance thereof sub nomine Sellars v. Beto, 1970, 430 F.2d 1150, are now vacated and set aside as moot."

■ The procedures attendant upon resentencing remain a matter of

state law. Pringle v. Beto, 5 Cir., 424 F.2d 515 (1970); Beto v. Sykes, 5 Cir., 360 F.2d 411 (1966). Similarly, the entry of judgment is a mere ministerial act which cannot be classified as a critical proceeding. Mempa v. Rhay, 389 U. S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); United States v. Sumpter, D.C. Texas, 287 F.Supp. 608 (1968).

Petitioner further complains that his sentence was commuted without his consent. Under Texas law, "commutation of sentence" means change of punishment assessed to a less severe one, and it may be imposed without consent of the convict or against his will. Ex Parte Lefors, Tex.Cr.App., 165 Tex.Cr. R. 51, 303 S.W.2d 394 (1957). Consent is also not a factor under federal law. Biddle v. Perovich, 274 U.S. 480, 47 S. Ct. 664, 71 L.Ed.2d 1161 (1927).

An order will be entered denying petitioner's application for writ of habeas corpus.