Calvin SELLARS, Individually and on behalf of others

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections.

Arlice J. HUFFMAN and John F. Burns, on behalf of themselves and all others similarly situated

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections.

Civ. A. Nos. 73–H–494, 73–H–146.

United States District Court, S. D. Texas, Houston Division.

July 21, 1975.

Charles Alan Wright, Austin, Tex., Mike Maness, Bellaire, Tex., for petitioner.

Lonny Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent.

*Memorandum and Order*

SINGLETON, District Judge.

The sole issue to be determined in these habeas corpus petitions involves a question of law, but a brief history of the facts in each petition is necessary in order to fully understand the merits of this cause of action.

## CALVIN SELLARS

Petitioner Calvin Sellars was convicted on February 23, 1965, of robbery by firearms; the jury assessed his punishment at death and the court of criminal appeals affirmed his conviction. *Sellars v. State*, 400 S.W.2d 559 (Tex.Cr.App. 1965). Petitioner then sought habeas corpus relief in the Court of Criminal Appeals and in the state trial court. After exhausting his state remedies, petitioner sought habeas corpus relief in this court based on grounds other than those asserted in the instant petition for habeas corpus. That petition, Civil Action No. 68–H–512, was denied by this court in a written opinion filed May 1, 1969. Petitioner then appealed to the Fifth Circuit Court of Appeals, which affirmed this court's decision. *Sellars v. Beto*, 430 F.2d 1150 (5th Cir. 1970). Petitioner subsequently sought certiora-

ri in the Supreme Court of the United States. On June 29, 1972, the Supreme Court vacated the judgment of the Fifth Circuit Court of Appeals insofar as it "leaves undisturbed the death penalty imposed" upon Sellars and remanded the case to the Court of Appeals for further proceedings. *Sellars v. Beto,* 408 U.S. 937, 92 S.Ct. 2865, 33 L.Ed.2d 756 (1972).

On August 22, 1972, the Fifth Circuit entered an unpublished order[1] in which the court stated that the prior decision, *Sellars v. Beto, supra,* of July 28, 1970, was vacated and the prior mandate of September 21, 1970, was recalled. The court further ordered that the judgment of the district court be reversed and that the cause be remanded to the district court with directions to grant Sellars' petition for writ of habeas corpus should the State of Texas fail or refuse to resentence Sellars to a period not exceeding life imprisonment. The court went on to hold that in the event resentencing was determined to be inappropriate under Texas law, as Sellars had asserted in a motion filed in that court on July 10, 1972, the district court was directed to grant the writ of habeas corpus unless the State of Texas elected to retry Sellars within a reasonable time.

On August 9, 1972, the Governor of Texas commuted petitioner Sellars' sentence to life imprisonment. On November 2, 1972, however, the Governor recommuted petitioner's sentence to 99 years after the Governor was informed that life imprisonment was not an authorized punishment for the offense of robbery by firearms.

Subsequently, on September 6, 1972, the Fifth Circuit entered a second order[2] in which the court withdrew the substance of its August 22 order. The Fifth Circuit stated that the Governor of Texas had commuted petitioner Sellars' sentence from death to life imprisonment in the Texas Department of Corrections. They held that such a commutation was an appropriate and valid exercise of the Governor's authority and cited *Whan v. State,* 485 S.W.2d 275 (Tex.Cr.App.1972). The court further stated that "[w]e conclude that the action of the Governor of Texas in granting a commutation of Sellars' sentence from death to life imprisonment has in effect rendered moot the question before this Court and has satisfied the mandate of the Supreme Court of the United States." Furthermore, the court rendered moot any issue relating to petitioner's death sentence; subsequently, this court dismissed the case from its docket by a written order on September 29, 1972.

Petitioner Sellars subsequently filed this petition for a writ of habeas corpus in which he alleges that the Governor's action in his case is not a valid commutation as authorized by law. Basically, petitioner's contention is that his sentence was vacated and thus no longer in existence after August 4, 1972, when the mandate of the Supreme Court issued. Therefore, petitioner contends that the Governor could not commute his sentence on August 9, 1972, much less on November 16, 1972, because there was no existing sentence to be commuted.

### ARLICE JAMES HUFFMAN

For purposes of this habeas corpus proceedings, the questions of fact and law involved in petitioner Huffman's and Sellars' cases are the same; and, for that reason, the two cases were consolidated. Petitioner Huffman has attempted to file his petition for writ of habeas corpus as a class action on behalf of himself, John F. Burns, and all other inmates whose death sentences were commuted to life by the Governor of Texas after the Supreme Court of the United States delivered its opinion in *Furman v. Georgia,* 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972). With regard to the above-named individuals, however, it is clear from the record that there are not questions of law or fact

---

1. A copy of this order is included as Appendix A.

2. A copy of that order is included as Appendix B.

common to the class. Only twelve inmates from the Texas Department of Corrections actually had their sentence vacated by the Supreme Court of the United States, and joinder of all these class members would not be impracticable. *See* Rule 23, Federal Rules of Civil Procedure. The question of law common to the remainder of the purported class, including named petitioner John Burns, with respect to the constitutionality of the Governor's commutation has been decided by the Fifth Circuit in *Antwine v. Estelle,* 486 F.2d 189 (5 Cir. 1973). Therefore, the application to proceed as a class action is hereby denied and the substance of this Memorandum and Order will apply only to petitioners Sellars and Huffman.

Petitioner Arlice J. Huffman was sentenced to death for the crime of murder in cause number 131429 in the 178th District Court of Harris County, Texas, on October 17, 1968, and the Court of Criminal Appeals affirmed the conviction and sentence of the trial court. *Huffman v. State,* 450 S.W.2d 858 (Tex.Cr.App.1970). Petitioner Huffman thereafter made an application for a writ of certiorari to the Supreme Court of the United States. On June 29, 1972, the Supreme Court vacated the judgment of the Court of Criminal Appeals "insofar as it leaves undisturbed the death penalty imposed" and remanded the case to the Court of Criminal Appeals for further proceedings, *Huffman v. Beto,* 408 U.S. 936, 92 S.Ct. 2860, 33 L.Ed.2d 753 (1972). On August 9, 1972, the Governor of Texas commuted Huffman's sentence of death to life imprisonment. The Court of Criminal Appeals, in *Stanley v. State,* 490 S.W.2d 828 (Tex.Cr.App.1972), sustained the authority of the Governor to commute from death to life imprisonment the sentences of eleven individuals, including Huffman, whose sentences of death had previously been vacated by the Supreme Court.

## CONSTITUTIONALITY OF THE COMMUTATION

■ Because of the order entered by the Fifth Circuit on September 6, 1972, which the petitioner requested the Fifth Circuit to withdraw, but which still remains in full force and effect, this court must deny the petitioners' application for a writ of habeas corpus. Although the order is brief, this court has interpreted the order, in conjunction with the original order entered August 22, 1972, as sanctioning the action of the Governor of Texas in commuting to life imprisonment [3] a death sentence that had been previously vacated by the Supreme Court of the United States. Although the brief submitted by the *amicus curiae* contends that the constitutional claim raised by the petitioners in this case has not yet been decided by any federal court, nevertheless, the Fifth Circuit had the following facts before it on September 6, 1972: (1) that petitioner Calvin Sellars' sentence had been *vacated* on June 29, 1972, and; (2) that subsequent to that time on August 9, 1972, after the mandate of the Supreme Court had been issued, the Governor of Texas commuted petitioner's sentence to life imprisonment. The Fifth Circuit held, "[s]uch a commutation is an appropriate and valid exercise of the Governor's authority." Implicit within that statement and the order of September 22 is that the sequence of actions in this particular case—commutation following vacation—is proper. The Fifth Circuit further held in that order that the commutation of Sellars' sentence from death to life imprisonment had rendered moot the question before the court and had satisfied the mandate of the Supreme Court of the United States.

■ Before the question of whether petitioner should be entitled to complete new trials under Texas law can be reached, the question of whether petitioners' sentences are invalid must be

---

**3.** The legality of the Governor's second commutation of petitioner Sellars' sentence from life imprisonment to 99 years is not at issue in this case.

decided. This court is of the opinion that the Fifth Circuit has already decided that a sentence can be commuted after it has been vacated by the Supreme Court. Therefore, since the Governor's first commutation of Sellars' sentence from death to life imprisonment is valid, then the second commutation of Sellars' sentence from life imprisonment to 99 years is likewise valid. If this court did not feel bound to follow what it feels is the correct interpretation[4] of the Fifth Circuit's order, this court would grant petitioners' applications for writ of habeas corpus for the reasons below.

■■ This court agrees with the petitioners and their counsel that since petitioners' sentences were vacated and no longer in existence after August 4, 1972, when the mandate of the Supreme Court issued, the Governor could not commute the sentences on August 9, 1972, since there were no existing sentences to commute. The Governor's power is limited to commutation, and commutation assumes a valid sentence in existence. "Commutation is not . . . a tool for resentencing prisoners whose sentences have been vacated; commutation is rather an act of mercy appropriate for reducing existing sentences." *Mears v. Nevada*, 367 F.Supp. 84, 85 (D.Nev. 1973). *See also* Presiding Judge Onion's dissent in *Whan v. State*, 485 S.W. 2d 275, 277–81 (Tex.Cr.App.1972) and in *Stanley v. State*, 450 S.W.2d 828 (Tex.Cr.App.1972).

■■ The next question to determine is how to resentence the petitioners. In some states, statutory law provides for resentencing by the trial judge or even the appellate court. Still other states provide for new trials on the issue of penalty alone. Texas, however, is an exception. Under the Texas Code of Criminal Procedure, the Court of Criminal Appeals cannot resentence one whose original sentence has been vacated by the Supreme Court. Article 44.24 V.A. C.C.P., limits the Court of Criminal Appeals to affirming judgments, reversing and remanding for a new trial, reversing and dismissing, or reforming and correcting the judgments. This does not include the authority to resentence defendants. Improper convictions and sentences can only be remanded to the district courts for new trials. Such new trials cannot be limited to the punishment issue; the entire question of guilt as well as penalty must be relitigated. Furthermore, the right to jury trial is preserved. *Ellison v. State*, 432 S.W.2d 955 (Tex.Cr.App.1968); *Grider v. State*, 468 S.W.2d 393 (Tex.Cr.App.1971), and *Ocker v. State*, 477 S.W.2d 288 (Tex.Cr. App.1972).

■ Thus, it is established Texas law that a defendant is entitled to a complete new trial if he is given an invalid sentence.

■ A defendant is further entitled to have procedural due process observed in protection of his substantive rights even though substantive due process would not compel the rights to be given. *Welch v. Beto*, 355 F.2d 1016 (5th Cir. 1966). Thus, in this case even though the state rule calling for a complete new trial is not constitutionally required, this court feels that it is a denial of procedural due process for the state not to give petitioners the right of a new trial that its law provides. Therefore, if this court did not find that the holding of the Fifth Circuit on September 6, 1972, precludes further review into this matter, I would hold that petitioners have been denied their federal rights of procedural due process by the failure to order that they be given new trials.

However, for the preceding reasons, the court is of the opinion that the petitions for habeas corpus should be, and hereby are, denied.

---

4. The order in question has been similarly interpreted by Judge Carl O. Bue in *Whan v. Estelle*, Civil Action No. 74–H–963, S.D. Tex., December 19, 1974. "The inescapable conclusion to be drawn from the *Sellars* order, which is binding upon this Court, is that a commutation invoked by the Governor after the Supreme Court has vacated the judgment 'as to the death penalty only' renders moot the question presented."

## APPENDIX A

Text of the August 22, 1972, order of the Fifth Circuit Court of Appeals in Cause No. 28,003 before Ainsworth, Dyer, and Simpson, Circuit Judges:

On July 28, 1970, we affirmed the district court's denial of Sellars' petition for writ of habeas corpus. *Sellars v. Beto,* 5 Cir. 1970, 430 F.2d 1150. Petitioner subsequently sought certiorari in the Supreme Court. On June 29, 1972, the Supreme Court vacated our judgment in this case insofar as it left undisturbed the death penalty imposed upon Sellars, and remanded for further proceedings. *Sellars v. Beto,* 1972, 408 U.S. 937, 92 S. Ct. 2865, 33 L.Ed.2d 756. In *Furman v. Georgia,* 1972, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346, and companion eases, the Supreme Court held that the imposition and carrying out of sentence of death constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

In consideration of the foregoing,

IT IS ORDERED that our prior decision of July 28, 1970, is vacated and our prior mandate of September 21, 1970, thereon is recalled; and

IT IS FURTHER ORDERED that the judgment of the district court is reversed and this cause is remanded to that court with directions to grant Sellars' petition for writ of habeas corpus should the State of Texas fail or refuse to resentence Sellars to a period not exceeding life imprisonment; and

IT IS FURTHER ORDERED that in the event resentencing is determined to be inappropriate under Texas law, as the petitioner has asserted in his motion filed in this Court on July 10, 1972, the district court is directed to grant the writ of habeas corpus unless the State of Texas elects to retry Sellars within a reasonable time.

IT IS FURTHER ORDERED that petitioner's application for bail and a new trial on remand is DENIED without prejudice to petitioner's right to apply to Texas courts for admission to bail.

REVERSED and REMANDED WITH DIRECTIONS.

## APPENDIX B

Text of the September 6, 1972, order of the Fifth Circuit Court of Appeals in Cause No. 28,003 before Ainsworth, Dyer, and Simpson, Circuit Judges:

IT IS ORDERED that appellee's motion to withdraw the order of this Court dated August 22, 1972, in this cause be, and the same is hereby GRANTED, and the portion of said order commencing with the language: "In consideration of the foregoing," on page 2 of said order, is withdrawn. In lieu thereof the following is substituted:

"On August 9, 1972, by his Proclamation No. 72–3243, the Governor of Texas, the Honorable Preston Smith, commuted the sentence of the petitioner-appellant Calvin Sellars from death to life imprisonment in the Texas Department of Corrections. Such a commutation is an appropriate and valid exercise of the Governor's authority. See *Whan, Appellant, v. State of Texas,* Appellee, Tex.Crim.App.1972, 485 S.W.2d 275, by the Court of Criminal Appeals of Texas upon the going down of the mandate of the Supreme Court of the United States in *Whan v. Texas,* 1971, 403 U.S. 946, 91 S.Ct. 2281, 29 L.Ed.2d 856. There that Court in a similar situation reaffirmed the judgment of the trial court after the Governor of Texas granted a commutation of sentence from death to life imprisonment. The order of the Supreme Court was deemed by the Texas Court of Criminal Appeals to be satisfied by this procedure.

We conclude that the action of the Governor of Texas in granting a commutation of Sellars' sentence from death to life imprisonment has in effect rendered moot the question before

this Court and has satisfied the mandate of the Supreme Court of the United States.

In consideration of the foregoing,

IT IS ORDERED that insofar as they relate to the death sentence originally imposed upon the petitioner-appellant, the prior judgment of the district court and this Court's affirmance thereof sub nomine *Sellars v. Beto*, 1970, 430 F.2d 1150, are now vacated and set aside as moot. In all other respects our opinion and judgment at 430 F.2d 1150 is adhered to."

### FINAL JUDGMENT

After due consideration of the pleadings submitted as a matter of record in this case, it is the opinion of this court, as expressed in its Memorandum and Order of this date, that the application for writ of habeas corpus on behalf of Calvin Sellars, Arlice J. Huffman, and John F. Burns should be, and it hereby is, denied. Accordingly, these cases are dismissed.

This is a Final Judgment.