**Dr. George J. BETO, Director, Texas Department of Corrections, Appellant,**

v.

**Eugene SYKES, Appellee.**

**No. 22734.**

United States Court of Appeals Fifth Circuit.

April 29, 1966.

---

**412**

Lonny F. Zwiener, Asst. Atty. Gen., of Texas, Waggoner Carr, Atty. Gen., of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellant.

No formal appearance entered for appellee, in pro. per.

Before RIVES and BELL, Circuit Judges, and FULTON, District Judge.

RIVES, Circuit Judge:

The district court granted Sykes' petition for habeas corpus and ordered his discharge from state custody for the reasons stated in an opinion hereto attached as Appendix A.

As appears from that opinion, the question presented and decided is a matter of state law only. Jurisdiction to consider and decide such a question has not been vested in any federal court or judge. 28 U.S.C.A. 2241(c); United States ex rel. Long v. Rundle, 3rd Cir. 1964, 327 F.2d 495, 496.

The judgment is therefore vacated and the case remanded with directions to dismiss the petition for lack of jurisdiction. The Clerk will issue the mandate forthwith.

Vacated and remanded.

### APPENDIX A

### OPINION

Petitioner has filed herein a Petition for Writ of Habeas Corpus seeking his release from the custody of the Respondent. A hearing on said petition was had with Petitioner being present in person and testifying in his own behalf. The pertinent facts are found to be as hereinafter stated.

On January 22, 1958, Petitioner, with his court-appointed attorney, appeared before the District Court of Gonzales County, Texas in Cause No. 5563 on the docket of that court, and entered a plea of guilty to the offense of forgery and passing. The entry made on the judge's docket sheet in said Cause No. 5563 under date of January 22, 1958, is as follows:

"Plea of guilty. Waived jury. Defendant punishment assessed at 5 years in the penitentiary, sentence suspended and defendant placed on probation with Raymond South of San Antonio as probation officer."

Prior to entering such plea of guilty Petitioner filed an affidavit in said Cause No. 5563 in the required form setting forth that he had never before been convicted of a felony and requested that any sentence upon his conviction of the offense charged in that case be suspended. After the court accepted Petitioner's plea of guilty a judgment was duly entered in said cause. Among the findings of the court contained in said judgment was a finding to the effect that Petitioner had never before been convicted of

Civ. Order Book

Vol *18* Page *224*

a felony and that *the sentence* in said cause *should be suspended.* The judgment further provided as follows:

IT IS, THEREFORE, CONSIDERED AND ADJUDGED by the Court that the defendant EUGENE SYKES is guilty of the offense of FORGERY & PASSING as confessed by him in his said plea of GUILTY herein made, and that he be punished as determined by the Court, by confinement in the State Penitentiary for a term of FIVE (5) years ——— and that the State of Texas do have and recover of said defendant all costs in this prosecution expended, for which

execution will issue; the said defendant having made application in due form for suspension of the sentence on his conviction herein; it is further ordered by the Court that *the sentence of the judgment of Court herein shall be and same is hereby suspended during the good behavior of the Defendant* and that the said EUGENE SYKES, defendant be released from custody upon his personal recognizance in the sum of $500.00 dollars ($500.00) conditioned as the law requires for his good behavior during the said period of time." (Emphasis supplied)

As the judgment required, Petitioner was released from custody and probated to one Raymond South of San Antonio, Texas.

Subsequent to the events above related Petitioner was charged with having committed the offense of burglary with intent to commit theft in Cause No. S-57,-245 in the District Court of Bexar County, Texas. On December 18, 1958, Petitioner plead guilty in that cause and was sentenced to the Texas Penitentiary for not less than two and not more than five years. Thereafter on January 5, 1959, Petitioner was brought back before the District Court of Gonzales County in said Cause No. 5563 and that court entered an order revoking Petitioner's probation and sentenced Petitioner to the penitentiary for not less than two and not more than five years with the provision that the sentence imposed in said Cause No. 5563 was not to begin until after Petitioner had completed serving the sentence imposed in the District Court of Bexar County, Texas, and above referred to.

Petitioner has been detained by Respondent in the Texas Penitentiary pursuant to the judgments of conviction entered and sentences imposed in said Causes Nos. 5563 and S-57,245. As of April 5, 1965, counting the calendar time served and the compensatory good time, etc. earned, Petitioner had served five years, 11 months and 24 days.

In his petition, Petitioner, relying on the holding of the Texas Court of Criminal Appeals in Ex parte Hernandez, 364 S.W.2d 688, contends that the District Court of Gonzales County, Texas, had no authority to provide that the sentence imposed in said Cause No. 5563 was not to commence until Petitioner had served the Bexar County sentence.

Under the provisions of Article 781d, Vernon's Ann. Texas Code of Criminal Procedure, the court in the Gonzales County case, at the time Petitioner's plea of guilty was accepted, had the right to either suspend the imposition of sentence and place Petitioner on probation or impose sentence and suspend the execution of such sentence with Petitioner being on probation. If the court did the latter, it, under the holding in Ex parte Hernandez, supra, lacked the authority to provide that the sentence in Cause No. 5563 was not to begin until Petitioner had finished serving the Bexar County sentence, and the court, lacking such authority the Gonzales County sentence would have started on January 5, 1959, the date Petitioner's probation in Cause No. 5563 was revoked.

While there is strong evidence indicating that the trial judge in the Gonzales County case may have intended to suspend imposition of sentence rather than suspend the execution of sentence, the docket entry, above quoted, and the provisions of the judgment entered in said Cause No. 5563 on January 8, 1958, by which this Court is bound in this collateral proceeding, conclusively establish that in January 1958 the court in the Gonzales County case imposed a sentence of five years on Petitioner and suspended its execution during Petitioner's good behavior. Thus Petitioner commenced serving his sentence in said Cause No. 5563 on January 5, 1959.

Since Petitioner has fully served the sentences in both Cause No. 5563 and Cause No. S-57,245, Petitioner is entitled to the Writ of Habeas Corpus prayed for and is entitled to be released forthwith from the custody of Respondent.