James Edward ANTWINE,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director, TDC,
Respondent-Appellee.

No. 73–2442

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1973.

Certiorari Denied Dec. 17, 1973.
See 94 S.Ct. 847.

James Edward Antwine, pro se.

Robert C. Flowers, Asst. Atty. Gen., Thomas H. Routt, Austin, Tex., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Antwine received a jury trial where he was represented by counsel and was found guilty of murder with malice. He was sentenced in May of 1971, to death. Following the Supreme Court's decision in Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which outlawed the death penalty as it was then imposed in Texas, Antwine's sentence was commuted by the Governor of Texas to life imprisonment. Antwine petitioned the district court below seeking habeas relief and an injunction to stay all state court proceedings until a federal determination could be made as to whether this commutation of sentence was unconstitutional. The district court denied the habeas relief and found that the Supreme Court in Branch, supra, did not dictate a reversal of Antwine's conviction. Appellant urges this court that the court below committed two errors. First, appellant alleges that the Governor of Texas did not have the power or authority to commute Antwine's sentence after such a sentence had been ruled invalid and struck down by the United States Supreme Court and the district court should have so ruled. Secondly, Antwine contends that the district court should have ruled that the Governor of Texas violated Antwine's' constitutional rights to a fair appeal by commuting Antwine's sentence.

In answer to appellant's contentions of error we need only to look to the Supreme Court's decision in Branch v. Texas, at 408 U.S. at 239, 92 S.Ct. at 2727, 33 L.Ed.2d 350, where the Supreme Court stated:

The Court holds that the imposition and carrying out of the death penalty in these cases constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The judgment in each case is therefore reversed insofar as it leaves undisturbed the death sentence imposed,

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

and the cases are remanded for further proceedings.

It is obvious then that the Supreme Court did not make an all encompassing rule as regards death penalties. Therefore, appellant's contentions can be seen to be without merit. The lower court is in all respects

Affirmed.