**Robert CURRY, Petitioner-Appellant,**

**v.**

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 74–3340.**

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1975.

James A. Ellis, Jr. (Court-appointed), Dallas, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Andrew W. Carruthers, Mark Perlmutter, John P. Griffin, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

DYER, Circuit Judge:

Curry seeks habeas relief claiming that he was indicted by a grand jury which unconstitutionally excluded non-freeholders and that his Sixth and Fourteenth Amendment rights were violated when his death sentence was commuted by the governor to life imprisonment. The district court dismissed the complaint. We decline to reach Curry's first contention, reject his second and reverse and remand.

Curry was convicted of murder with malice and sentenced to death by the jury. His conviction was affirmed by the Texas Court of Criminal Appeals. *Curry v. State*, Tex.Cr.App.1971, 468 S.W.2d 455. Curry petitioned the Supreme Court for a writ of certiorari.

Subsequent to its decision in *Furman v. Georgia*, 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, the Supreme Court granted Curry's petition and entered an order vacating the judgment of conviction insofar as it left undisturbed the death penalty imposed. *Curry v. Texas*, 1972, 408 U.S. 939, 92 S.Ct. 2872, 33 L.Ed.2d 761.

While on remand to the Texas courts, Governor Preston Smith granted Curry a commutation of sentence from death to life imprisonment, and this commutation was found valid under state law. *Stanley v. State*, Tex.Cr.App.1972, 490 S.W.2d 828. Curry argues that since his sentence was vacated, there was no sentence which could properly be commuted. He further argues such commutation in a nonjudicial context constitutes sentencing by a nonjudicial body, infringing upon his rights to trial by jury, confrontation of witnesses and counsel.

■ The recent decision of the Supreme Court in *Rose v. Hodges*, 1975, —— U.S. ——, 96 S.Ct. 175, 46 L.Ed.2d 162, 44 L.W. 3277, forecloses our consideration of these contentions. In *Rose*, the governor commuted the defendant's death sentence to 99 years' imprisonment, after that death sentence had been vacated. State courts held the commutation to be a valid and proper exercise of executive authority. The Court held that such actions did not violate the defendant's Sixth and Fourteenth Amendment right to trial by jury. Since the commutation did not raise a claim of constitutional proportion,[1] it was not a proper subject for federal habeas relief. *Townsend v. Sain*, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770.

■ Curry also claims that he was indicted by a grand jury which did not adequately represent a cross-section of the community, since non-freeholders

---

1. "If Tennessee chooses to allow the governor to reduce a death penalty to a term of years without resort to further judicial proceedings, the United States Constitution affords no impediment to that choice." *Rose v. Hodges*, at ——, 96 S.Ct. at 177, 44 L.W. at 3277.

were systematically excluded.[2] The district court denied relief without an evidentiary hearing, on the basis that Curry had failed to allege prejudice as a result of the grand jury selection system.

 We note that the district court did not have the benefit of the decision of the Supreme Court in *Taylor v. Louisiana*, 1975, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690, holding that a conviction by a jury systematically excluding women was subject to attack. No showing of prejudice was required. In arriving at that conclusion, the Court quoted with approval from the concurring opinion of Justice Marshall in *Peters v. Kiff*, 1972, 407 U.S. 492, 503, 92 S.Ct. 2163, 2169, 33 L.Ed.2d 83:

> But the exclusion from jury service of a substantial and identifiable class of citizens has a potential impact that is too subtle and too pervasive to admit of confinement to particular issues or particular cases.

We find no basis to distinguish *Taylor* from the present case, and conclude that if Curry can establish that a grand jury pool systematically excluding non-freeholders does not represent a fair cross-section of the community, no further showing of prejudice is necessary.

The state vigorously argues that Curry has waived his right under state law to challenge the composition of the grand jury. However, the state has failed to provide us with a record of the state court proceedings which affirmatively shows such a waiver. In the absence of such a record, we will not speculate as to what occurred in the state proceedings. Therefore, we leave it to the district court to determine on remand whether petitioner has waived his right under state law to challenge the composition of the grand jury and if so, to what extent such a finding of waiver affects the petitioner's right to seek habeas relief in federal court. *See, e. g., Eggleston v. Estelle*, 5 Cir. 1975, 513 F.2d 758; *Dumont v. Estelle*, 5 Cir. 1975, 513 F.2d 793.

Affirmed in part: reversed in part and remanded.

---

2. The freeholder requirement was contained in former Tex.Code Crim. Proc. Ann. art. 19.08.

The freeholder requirement was eliminated by amendment in 1969.