Calvin SELLARS, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 75–3862
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 27, 1976.

Charles Alan Wright, Austin, Tex., Michael Anthony Maness, Houston, Tex., for petitioner-appellant.

George R. Bedell, Robert E. DeLong, Jr., Asst. Attys. Gen., John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Chief, Enforcement Div., Austin, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Calvin Sellars, convicted of robbery by firearms and sentenced to death in 1965 in Texas, appeals from the district court's denial of habeas corpus relief. *Sellars v. State,* 400 S.W.2d 559 (Tex.Crim.App.1965). Sellars contends that he was denied due process and equal protection of law when the Governor commuted his sentence to 99 years imprisonment, after his death sentence had been vacated by the Supreme Court of the United States. *Sellars v. Beto,* 408 U.S. 937, 92 S.Ct. 2865, 33 L.Ed.2d 756 (1972). Petitioner contends that the Governor's commutation denied him his absolute right under Texas law to be resentenced by a jury, thus violating his constitutional rights to Fourteenth Amendment due process and equal protection.

Recently the Supreme Court considered a similar situation where an unconstitutional death sentence vacated and remanded by a state court was commuted to 99 years imprisonment by the Governor of Tennessee. The Supreme Court, in reversing the Sixth

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Circuit's grant of habeas corpus relief, noted:

> Whether or not the sentences imposed upon respondents were subject to commutation by the Governor, and the extent of his authority under the circumstances of this case, are questions of Tennessee law which were resolved in favor of sustaining the action of the governor by the Tennessee Court of Criminal Appeals. It was not the province of a federal habeas court to re-examine these questions. [citation omitted].

*Rose v. Hodges,* 423 U.S. 19, 21–22, 96 S.Ct. 175, 177, 46 L.Ed.2d 162, 44 U.S.L.W. 3277 (1975).

The petitioner contends that *Rose* reversed the Sixth Circuit only because it had attempted to rule that under state law the Governor did not have the power or authority to commute an unconstitutional death sentence. *See Murdock v. City of Memphis,* 87 U.S. (20 Wall.) 590, 22 L.Ed. 429 (1875). He argues that the Supreme Court neither considered nor decided whether, although legal under state law, the Governor's commutation violated constitutional rights of due process and equal protection because the action arbitrarily deprived the defendant of a state law right to be sentenced by the jury.

Concededly the Sixth Circuit had held only that there were no viable death sentences to commute and therefore the commutation was invalid, the death sentences having been vacated at the time of the Governor's commutation order. This being a matter for state law determination alone, the federal court was foreclosed from granting habeas corpus relief, which must be based on a determination that the custody violates the Constitution, laws or treaties of the United States.

Contrary to petitioner's argument, however, the Supreme Court in *Rose* did address the constitutional arguments.

> Respondents urge, in support of the result reached by the Court of Appeals for the Sixth Circuit, that their Fourteenth and Sixth Amendments right to jury trial have been infringed by the Tennessee proceedings. We reject these contentions.

*Rose v. Hodges, supra,* 423 U.S. at 22, 96 S.Ct. at 177. Again, in a footnote, the Supreme Court noted that two other panels of the Sixth Circuit had *correctly* recognized, in cases virtually identical to *Rose,* that no federal constitutional question was presented by such commutation. 423 U.S. at 21, n.3, 96 S.Ct. 175.

Petitioner's contention that "the purely gratuitous remarks in the *Rose* opinion that the Constitution 'affords no impediment' to 'commutation' and that 'no federal question was presented' by such actions are obvious *dicta* " and not controlling in this case fails to recognize the Supreme Court's rule that " 'if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.' " *Brown v. Allen,* 344 U.S. 443, 459, 73 S.Ct. 397, 408, 97 L.Ed. 469 (1952), citing *Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937); *see Riley Co. v. Commissioner,* 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36 (1940). Had a constitutional ground for relief been present, even though the state law ground was invalid, the Supreme Court surely would have sustained the Sixth Circuit's issuance of the habeas corpus writ. In this view, *Rose* is controlling authority on the constitutional issues there asserted.

Sellars forthrightly concedes that the commutation here was sanctioned by Texas law and has been authoritatively upheld by the Texas courts. Tex.Const. Art. 4, § 11; Vernon's Tex.Code of Crim.P. Art. 48.01; *Stanley v. State,* 490 S.W.2d 828 (Tex.Crim. App.1972); *Whan v. State,* 485 S.W.2d 275 (Tex.Crim.App.1972); *see Antwine v. Estelle,* 486 F.2d 189 (5th Cir.), *cert. denied,* 414 U.S. 1115, 94 S.Ct. 847, 38 L.Ed.2d 742 (1973).

In a recent case concerning a similar exercise of the commutation power by the Texas Governor, this Court ruled in the face of a Sixth and Fourteenth Amendment constitutional argument that "since the commutation did not raise a claim of constitutional proportion," it was not a proper sub-

ject for federal habeas corpus relief. *Curry v. Estelle,* 524 F.2d 981, 982 (5th Cir. 1975).

In truth, Texas having sanctioned this means of sentencing, petitioner's premise that sentencing by jury in Texas is an absolute right must fail. Without that premise which is basic to his Fourteenth Amendment argument, petitioner's claim does not rise to the federal-law level required for habeas corpus relief in a federal court.

AFFIRMED.