**Arlice J. HUFFMAN and John F. Burns, Petitioners-Appellants,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 75–3662

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1976.

George A. Scharmen, II, Staff Counsel for Inmates, Huntsville, Tex., for petitioners-appellants.

Lonny F. Zweiner, Asst. Atty. Gen., Robert E. DeLong, Jr., Austin, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of habeas corpus relief to two Texas prisoners, and denial of leave to proceed as a class action on behalf of themselves and "all others similarly situated." Appellants contend that they were denied due process and equal protection of law when the Governor of Texas commuted their unconstitutional death sentences to 99 years imprisonment. In an appeal raising this same issue in an identical context, we have decided the question against the habeas corpus petitioner. *Sellars v. Estelle,* 536 F.2d 1104 (5th Cir. 1976). *See Curry v. Estelle,* 524 F.2d 981, 982 (5th Cir. 1975). The petitioners are incorrect in their argument that a fundamental constitutional right to resentencing before a jury has been abrogated. *Rose v. Hodges,* 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162, 44 U.S.L.W. 3277 (1975); *Ant-*

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

*wine v. Estelle*, 486 F.2d 189 (5th Cir.), *cert. denied*, 414 U.S. 1115, 94 S.Ct. 847, 38 L.Ed.2d 742 (1973). Furthermore, there is no merit to the suggestion that the Governor's action amounted to a bill of attainder.

The judgment of the district court is AFFIRMED.