Archie W. WILLEFORD, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 75–2001.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.

Bertrand C. Moser, Houston, Tex. (Court appointed), for petitioner-appellant.

Patrick Rogers, Asst. Atty. Gen., John L. Hill, Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY,* SIMPSON and MORGAN, Circuit Judges.

SIMPSON, Circuit Judge:

Archie Willeford, held in the custody of the Texas Prison System, after exhausting state post conviction remedies brought this petition in the district court below, seeking federal habeas corpus relief under Title 28, U.S.C., Section 2241 *et seq.* The district court denied the petition without an evidentiary hearing and without appointing counsel for Willeford. We granted appellant leave to proceed in forma pauperis and appointed appellate counsel for him.

Willeford was tried and convicted on April 16, 1969, in a Texas state court for possession of heroin in violation of the Texas Uniform Narcotic Drug Act.[1] Two prior offenses, each of them felony convictions under the Uniform Narcotic Drug Act, were alleged for enhancement purposes in the indictment on which he was tried. The court sentenced appellant to life in prison as a "habitual criminal". The Texas Court of Criminal Appeals affirmed Willeford's conviction, but found *sua sponte* that he had been erroneously sentenced under Article 63 of the Texas Penal Code,[2] the general "habitual offender" statute, instead of under the more specific Article 725b(23) of the Texas Penal Code.[3] *Willeford v. State,* Tex.Cr.App.1970, 454 S.W.2d 745. The court reformed Willeford's sentence to read "for not less than ten years nor more than life" to accord with provisions of the latter statute.

The initial issue we consider is appellant's contention that his trial in jail clothes deprived him of due process and equal protection of the law. After we heard oral argument in this case, the Supreme Court spoke to this issue in *Estelle v. Williams,* 1976, —— U.S. ——, 96 S.Ct.

---

* Judge Thornberry was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. Article 725b of the Texas Penal Code. This article was repealed effective August 27, 1973.

2. Article 63 of the Texas Penal Code provided that:

    "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Article 63 was repealed effective January 1, 1974.

3. Article 725b(23) provided in part that:

    "Any person violating any provision of this Act shall, upon conviction be punished by confinement in the State penitentiary for not less than two (2) years nor more than life, and upon the second or any subsequent conviction therefor shall be punished by confinement in the penitentiary for life or for any term of years not less than ten (10), and the benefits of the suspended sentence law shall not be available to a defendant convicted for

1691, 48 L.Ed.2d 126.[4] The Court held that "although the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Williams,* supra, —— U.S. at ——, 96 S.Ct. at 1697, 48 L.Ed.2d at 135. A major tenet of the Court's holding was that it is the responsibility of the accused and his counsel, under our system of criminal justice, to make a "vast array of trial decisions, strategic and tactical", including particularly the decisions of when and whether to impose objections at trial. *Id.* A close and careful reading of the record of this trial shows the defense failed to object to the petitioner's being required to undergo trial in jail garb. Consequently, we reject appellant's argument on the basis of *Williams.*[5]

A more complex issue remains in this case with the jail clothes question settled by *Williams,* supra. We must consider the effect of the trial judge's mistakenly sentencing Willeford under Article 63 of the Texas Penal Code instead of under Article 725b(23).[6] Appellant argues that this mistake on the part of the trial judge deprived him of both equal protection and due proc-

ess of law. He further asserts that the action of the Texas Court of Criminal Appeals in purporting to reform the sentence could not cure the initial error nor render it less constitutionally objectionable. Willeford urges that only under very narrowly defined circumstances may the Texas Court of Criminal Appeals modify a sentence, and that the appellate courts may never reassess or reduce punishment. *See generally, Turner v. State,* Tex.Cr.App.1972, 485 S.W.2d 282; *Ocker v. State,* Tex.Cr.App. 1972, 477 S.W.2d 288. The reason underlying appellant's complaint in this regard is that the reformed sentence is itself a life sentence for purposes of parole eligibility, and the mandatory time for ultimate release as the maximum length of sentence governs for those purposes under Texas' indeterminate sentence law.[7] But, it is pointed out, had the trial judge understood his sentencing prerogatives he might have sentenced appellant to a set number of years more than ten but less than life, in which case a lower maximum sentence would govern his parole eligibility and ultimate release date.

The length of the sentence of a convicted criminal under state law is, without more, not a matter of federal constitutional concern and hence not a matter cognizable under federal habeas corpus. *Bon-*

---

a violation of the provisions of this Act;
. . . ."

**4.** *Williams* was pending before the Supreme Court at the time of oral argument before us. We withheld ruling to await the *Williams* decision.

**5.** Petitioner originally contended that he was deprived of his Sixth Amendment right to effective counsel based on, *inter alia,* his counsel's failure to object to his being tried in jail clothes. Counsel for petitioner on appeal has not pursued this issue, and stated to us at oral argument, in response to questioning, that this issue had been abandoned. In an abundance of caution, we express the view that on this record it is apparent that petitioner received effective assistance of counsel. "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render, *and rendering* reasonably ef-

fective assistance." *MacKenna v. Ellis,* 5 Cir. 1960, 280 F.2d 592, 599.

**6.** Texas asserted for the first time in its reply brief in this appeal that the appellant was in fact sentenced by the trial court under Article 725b(23) of the Texas Penal Code. We reject this last minute argument of the appellee. While the trial record is not clear on this point, the Texas Court of Criminal Appeals determined that petitioner was in fact sentenced under Article 63. The state took a position before the federal district court which assumed the Texas Court of Criminal Appeals to have been correct. It is not part of our appellate function to resolve this 11th hour factual dispute. In any case our resolution of the issues in this case renders the point moot.

**7.** Article 42.09(1) Texas Code of Criminal Procedure.

*ner v. Henderson,* 5 Cir. 1975, 517 F.2d 135. Willeford argues, however, that the arbitrary denial of a benefit conferred by state law, even though the state was under no initial obligation to provide that benefit, is a denial of constitutionally required due process, and is cognizable under federal habeas corpus. *Welch v. Beto,* 5 Cir. 1966, 355 F.2d 1016, cert. denied 1966, 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 72. He asserts, moreover, that by being sentenced under the incorrect statute, he was not only arbitrarily denied benefits under state law, but was treated differently from all other criminal defendants similarly situated, thus depriving him of equal protection of the laws. Nevertheless, in our view, each of these arguments is foreclosed provided that the action of the Texas Court of Criminal Appeals in reforming the sentence was constitutionally valid regardless of its correctness *vel non* under Texas law.

Our research reveals little precedent on the precise issue here. In *Byers v. Crouse,* 10 Cir. 1964, 339 F.2d 550, cert. denied 1965, 382 U.S. 860, 86 S.Ct. 120, 15 L.Ed.2d 98, the Tenth Circuit held that a state prisoner's complaint that he had been erroneously sentenced under the state burglary statute instead of under the state larceny statute, for which he had been convicted, was not reviewable under federal habeas corpus. The court considered the defect to be "at best a, . . . possibly trial error", and in any event not such an error as to deprive appellant of a fundamental right guaranteed by the Constitution. *Byers,* supra, at 552.

In *Beto v. Sykes,* 5 Cir. 1966, 360 F.2d 411, the petitioner, a Texas state prisoner, had been found guilty in the District Court of Gonzales County of "forgery and passing". He was sentenced at that time to five years imprisonment; the sentence was suspended, and he was placed on probation. Subsequently the petitioner pled guilty to burglary in the District Court of Bexar County, Texas, and was sentenced to a term of two to five years imprisonment. The prisoner was then brought back before the Gonzales County court. An order revoking

petitioner's probation was entered, and he was sentenced to two to five years imprisonment, with the sentence to commence after petitioner had completed the sentence the district court of Bexar County had imposed on the burglary charge.

The federal district court determined that under Texas law the trial court, the District Court of Gonzales County, had the right at the time of original sentencing either to suspend imposition of sentence and place petitioner on probation, or to impose a sentence and suspend the execution of that sentence, placing the defendant on probation. The federal court determined that, in the latter circumstance, Texas case law precluded the subsequent sentencing of petitioner to the second two to five year term. The court further determined that, while the District Court of Gonzales County may have intended to suspend imposition of the sentence, the provisions of the judgment initially entered showed conclusively that the sentence was imposed with its execution suspended during petitioner's good behavior. This sentence thus began running the date the probation was revoked, and the judge was without power to order it served on completion of the first sentence imposed. The federal district court thereupon granted the writ of habeas corpus. We reversed by a short per curiam opinion, holding that the question presented was a matter of state law only, not rising to federal constitutional magnitude. *Beto v. Sykes,* supra.

The issues in *Beto v. Sykes,* supra, while arising in different factual context, do not differ essentially from those in the instant case. In each situation the state prisoner protested that he was serving a sentence which the state court imposed in violation of state law. In *Beto v. Sykes* the allegation was that the state trial judge imposed a sentence he had no jurisdiction to impose. In the instant case, the allegation is that the Texas Court of Criminal Appeals acted contrary to state law in purporting to correct a sentence incorrectly imposed by the trial court. In each instance, the ultimate question is the extent of the sentencing

powers of the state courts. *Beto v. Sykes* held that federal courts lack jurisdiction to adjudicate such a question.

In *Rose v. Hodges,* 1975, 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162, the Supreme Court considered a case presenting certain aspects of the instant case. Two Tennessee state prisoners were convicted of a rape murder, and each was sentenced to death. The Tennessee Court of Criminal Appeals affirmed the convictions, but reversed and remanded the case to the trial court on the issue of punishment, declaring that "the Supreme Court of the United States has decreed that the death penalty is contrary to the Eighth Amendment . . .." *Rose v. Hodges,* supra, 423 U.S. at 20, 96 S.Ct. at 176, 46 L.Ed.2d at 164, quoting *Hodges v. State,* Tenn.Cr.App.1972, 491 S.W.2d 624, 628.

Shortly thereafter the Governor of Tennessee commuted the death sentences imposed to ninety-nine years imprisonment. Tennessee, in accord with procedural provisions of state law, requested a rehearing before the Court of Criminal Appeals. The Court of Criminal Appeals found the Governor's commutations to be a valid exercise of executive authority, held the remands to be "for nought", and thus affirmed the convictions and the sentences.

The prisoners then sought federal habeas corpus relief, asserting *inter alia* violation of their Fourteenth Amendment rights by the commutations of their sentences. Absent the commutations of sentences, the trial court on remand would have been required to resentence them for a period of between twenty years and life as a jury might determine. The district court dismissed the case on this issue for failure to exhaust state remedies. The Sixth Circuit, on appeal, held that state remedies had in fact been exhausted and found on the merits that the commutations were invalid. The Supreme Court reversed, holding that "[w]hether or not the sentence imposed upon respondents was subject to commutation by the governor, and the extent of his authority under the circumstances of this case, are questions of Tennessee law which were resolved in favor of sustaining the action of the governor by the Tennessee Court of Criminal Appeals . . .. It was not the province of a federal habeas court to re-examine these questions." 423 U.S. at 21–22, 96 S.Ct. at 177, 46 L.Ed.2d at 162.

We are bound by the holdings of the foregoing cases. We therefore hold that the extent to which the Texas Court of Criminal Appeals may modify or reform an erroneously imposed sentence is a matter of state law. Although couched in terms of equal protection and due process, the burden of petitioner's complaint in this case reduces to a challenge to the authority of the Texas Court of Criminal Appeals as exercised in the reformed sentence imposed upon petitioner. This issue is not of federal constitutional proportions. The Texas Court's actions contravene neither the Constitution, laws, nor treaties of the United States. *See* Title 28, U.S.C., § 2241; *Rose v. Hodges,* supra; *Townsend v. Sain,* 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770, 785; *Woodard v. Beto,* 5 Cir. 1971, 447 F.2d 103, 105, cert. denied, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275. *Cf. Sellars v. Estelle,* 5 Cir. 1976, 536 F.2d 1104; *Huffman v. Estelle,* 5 Cir. 1976, 536 F.2d 1106.

The district court correctly denied habeas corpus relief.

AFFIRMED.