**Darryl RODWELL, Petitioner,**

v.

**Harry K. SINGLETARY, Jr., et al., Respondents.**

**No. 6:97CV519–ORL–18B.**

United States District Court, M.D. Florida, Orlando Division.

Sept. 27, 2000.

Darryl Rodwell, Sumter Correctional Institution, Bushnell, FL, petitioner pro se.

Anthony J. Golden, Office of the Attorney General, Dept. of Legal Affairs, Daytona Beach, FL, for Harry K. Singletary, Jr., respondent.

## ORDER

G. KENDALL SHARP, District Judge.

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 13).

Petitioner alleges three claims for relief in his petition: first, that he was denied fundamental fairness and due process when the trial court failed to make contemporaneous written reasons for an upward departure sentence; second, that the trial court abused its discretion by proceeding with the examination of the victim despite the absence of defense counsel; and third, that he received ineffective assistance of counsel.

### Procedural History

Petitioner was charged by amended information with robbery with a deadly weapon. Petitioner was tried by a jury and found guilty as charged. On November 14, 1990, Petitioner was adjudicated guilty and sentenced to a forty year term of imprisonment. Petitioner filed an appeal, and the Fifth District Court of Appeal issued a written opinion affirming his conviction and sentence. *Rodwell v. State,* 588 So.2d 19 (Fla. 5th DCA 1991). The Florida Supreme Court declined to accept jurisdiction to review the matter. *Rodwell v. State,* 599 So.2d 657 (Fla.1992).

In September of 1994, Petitioner filed a state habeas corpus petition in the appellate court, which was denied on October 21, 1994. Petitioner appealed the denial to the Florida Supreme Court, but, by order dated January 11, 1995, that court dismissed the appeal for lack of jurisdiction.

**1310**

*Rodwell v. State,* 650 So.2d 990 (Fla.1995). On August 7, 1995, Petitioner filed a second state habeas corpus petition in the appellate court, which was summarily denied on August 23, 1995.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on February 22, 1996. In March of 1996, the trial court denied the motion as untimely, and Petitioner did not appeal the denial.

On April 23, 1996, Petitioner filed his first federal habeas corpus petition (Case No. 96–427–CIV–ORL–19). The petition was voluntarily dismissed without prejudice on September 16, 1996.

### Petitioner's Habeas Corpus Petition is Untimely

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

■ Petitioner's initial federal habeas petition was filed stamped by the Clerk's Office on April 28, 1997. However, the date when a document is "filed" by a prisoner is not the date that it is file stamped, but is, instead, the date when the prisoner places the complaint in the mail or delivers it to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States,* 173 F.3d 1339, 1341 (11th Cir.1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). The petition is dated April 24, 1997, and Petitioner admits in his reply to Respondents' answer that he did not submit the petition to the prison mailroom until April 24, 1997. The Court will utilize the April 24, 1997, date in determining whether the petition was timely filed.

■ A prisoner, such as Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Weekley v. Moore,* 204 F.3d 1083, 1084 (11th Cir.2000) ("For prisoners whose convictions became final prior to April 24, 1996, the effective date of the AEDPA, a one-year grace period extends the deadline for filing such petitions to April 23, 1997."); *Wilcox v. Florida Department of Corrections,* 158 F.3d 1209, 1211 (11th Cir.1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period); *Burns v. Morton,* 134 F.3d 109, 111–12 (3d Cir.1998) (habeas petitions and motions to vacate filed on or before April 23, 1997, may not

be dismissed as untimely under the AEDPA); *Green v. Wharton,* No. CIV.A.496–CV–0142HLM, 1997 WL 404278 (N.D.Ga. 1997) (the one year limitations period of the AEDPA is tolled until April 23, 1997), *aff'd* 176 F.3d 492 (11th Cir.1999); *see also Goodman v. United States,* 151 F.3d 1335, 1337–38 (11th Cir.1998) (prisoners whose convictions became final before the effective date of the AEDPA must be given until April 23, 1997, to file their § 2255 motions). Since the one year period of limitation ran on April 23, 1997, Petitioner's April 24, 1997, habeas corpus petition was not timely filed and must be denied on timeliness grounds.[1]

### *Alternatively, Petitioner's Claims Are Subject To Dismissal*

 Claim one involves a challenge based on state sentencing law. This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir.1983); *Llamas–Almaguer v. Wainwright,* 666 F.2d 191 (5th Cir.1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988), *"[i]n the area of state sentencing guidelines in particular,*

we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle,* 556 F.2d 1330, 1331 (5th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978) ("federal courts do not review a state's failure to adhere to its own sentencing procedures...."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues is 'couched in terms of equal protection and due process.'" *Branan,* 861 F.2d at 1508 (quoting *Willeford v. Estelle,* 538 F.2d 1194, 1196–98 (5th Cir.1976)). This claim is based exclusively on state law matters that are merely "couched in terms of equal protection and due process." *Willeford,* 538 F.2d at 1198. Because claim one raises matters of state law only, it must be denied.

Claims two and three relate to defense counsel's tardiness to court. According to Petitioner, the trial court abused its discretion in proceeding without defense counsel and defense counsel's tardiness constituted ineffective assistance of counsel.

 The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[2] or (2) are not exhausted but would clearly be barred if returned to state court.[3] Thus, "[f]ederal

---

1. The Court is aware that pursuant to § 2244(d)(2), the one year is tolled for the time during which a "properly filed" state post-conviction or collateral proceeding is pending. However, since no state court proceeding was pending from April 24, 1996, through April 23, 1997, there was no tolling in this case.

The Court also notes that the dismissal without prejudice of Petitioner's prior federal habeas petition did not toll the limitations period in section 2244(d). "[S]ection 2244(d)(2) does not contemplate tolling limitations during the time a habeas petition is pending in federal court." *Sperling v. White,* 30 F.Supp.2d 1246, 1250 (C.D.Cal.1998); *see also Jones v. Morton,* 195 F.3d 153, 158 (3rd Cir.1999) ("[T]he statute of limitations is not tolled under § 2244(d)(2) for the time during

which a habeas petition is pending in federal court."). Hence, since section 2244(d)(2) does not toll the limitations period during the pendency of federal habeas petitions, Petitioner's previously filed federal habeas petition did not affect the calculation of the one year period under section 2244(d).

2. *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

3. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default

courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted...." *Tower v. Phillips,* 7 F.3d 206, 210 (11th Cir.1993).⁴ The Eleventh Circuit Court of Appeals has held that this procedural bar applies to ineffective assistance of counsel claims brought in habeas cases: "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary,* 978 F.2d 1207, 1211 (11th Cir.1992) (footnote omitted).

■ Claim two was not presented to the state court. Since it was not raised and is clearly barred from being raised in the state courts, claim two appears to be procedurally barred from consideration by this Court.

■ Although claim three was asserted in the motion for post-conviction relief filed with the state trial court, Petitioner did not appeal the denial of this claim. The failure to appeal the denial results in a procedural default. *See Leonard v. Wainwright,* 601 F.2d 807, 808 (5th Cir.1979) (exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial); *see also, Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.), *cert. denied,* 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991); *Smith v. Jones,* 923 F.2d 588 (8th Cir.1991) (claims presented in post-conviction motion and not appealed were procedurally barred

in subsequent habeas proceedings). Consequently, claim three also appears to be procedurally barred.

■ However, there are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;⁵ the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception used in extraordinary circumstances. *See Johnson v. Singletary,* 938 F.2d 1166, 1174–75 (11th Cir.1991), *cert. denied,* 506 U.S. 930, 113 S.Ct. 361, 121 L.Ed.2d 274 (1992). In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. The Court has reviewed the entire record and concludes that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims two and three are procedurally barred.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson,* 915 F.2d 932, 937 (4th Cir.1990), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

4. Also, if the petitioner attempts to raise the claim in a manner not permitted by state

procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant,* 22 F.3d 1541, 1549 (11th Cir.), *cert. denied,* 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994).

5. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and prejudice.").