Lee Berry LEONARD,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, etc.,
Respondent-Appellee.

No. 79–1102
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1979.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

**808**

Lee Berry Leonard, pro se.

Jim Smith, Atty. Gen., Tallahassee, Fla., Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

Lee Berry Leonard, a state prisoner in Florida, appeals from the district court's denial of his petition for habeas corpus filed pursuant to 28 U.S.C.A. § 2254. In addition to his allegations that certain errors occurred during his trial, appellant alleges that his conviction was affirmed on direct appeal and that his motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P., was denied by the Florida trial court. The form supplied to appellant to file his federal habeas corpus petition contained the following question regarding his Rule 3.850 motion: "Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application, or motion." Appellant checked the box marked "No" and offered no further explanation. Based on this information, the district court dismissed the petition without prejudice, holding that appellant had bypassed available state appellate court remedies.

Section 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial. *Lee v. Wainwright*, 468 F.2d 809, 810 (5th Cir. 1972); *Williams v. Wainwright*, 452 F.2d 775, 776–7 (5th Cir. 1971); *Bartz v. Wainwright*,

451 F.2d 663, 666–67 n.17. Because appellant's petition nowhere indicated that an appeal from the denial of his Rule 3.850 motion had been taken, the district court's disposition of the petition was correct.

In his affidavit supporting his motion for leave to proceed in forma pauperis and for certification of probable cause in connection with this appeal, however, appellant has indicated that he *did* appeal the denial of his Rule 3.850 motion to the Florida District Court of Appeal.[1] It is likely that appellant's problem in this matter, in which he is appearing pro se, was occasioned by an ambiguity in the form provided him to apply for the federal writ. When he answered that he had not appealed his Rule 3.850 motion to the *highest* state court, he was literally truthful, it appears, since he does not claim to have appealed to the Florida Supreme Court. The cases cited above make it clear that, save in exceptional cases, Florida state remedies are exhausted after appeal to the District Court of Appeal from denial of a collateral attack upon a conviction. If appellant can show that the issues he now seeks to litigate in the federal forum were pursued through his state actions, he may avoid his exhaustion-of-state remedies problem, should he choose to refile in the federal district court as he is free to do since the dismissal was without prejudice.[2]

Nevertheless, since appellant only brought the information regarding his appeal to light in his affidavit below and did not request a rehearing in the district court, we must affirm the dismissal without prejudice of his petition.

AFFIRMED.

---

1. The record here contains no other information about that appeal, save that the denial of relief was affirmed in October 25, 1978. The decision appears to have been either without opinion or with an unpublished opinion. *Leonard v. State*, 364 So.2d 899 (Fla.App.1978) (Table).

2. If he does refile, appellant should seek to procure for the district court the records of his Rule 3.850 proceedings, both on the trial and appellate levels, so that it may more easily determine whether he has fully exhausted his state remedies for the claims presented.