[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16958
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00054-CV-CAR-5

ROGER C. DAY, JR.,

Petitioner-Appellant,

versus

L. STEVEN BENTON,
Warden, Macon State Prison,
MILTON E. NIX, JR.,
State Board of Pardons and Paroles,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 24, 2009)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Roger C. Day, Jr., a pro se state prisoner, appeals the dismissal of his Fed.R.Civ.P. 60 post-judgment motion challenging the dismissal without prejudice of his 28 U.S.C. § 2254 petition. The district court dismissed Day's first habeas petition (Day I) in 2005 for failure to exhaust state remedies, after the state asserted that Day had not exhausted all remedies. Day responded in two ways: (1) he filed another habeas petition, which the district court dismissed as untimely in Day v. Hall, No. 5:06-CV-052 (Day II), but we reversed and remanded the case for further proceedings, Day v. Hall, 528 F.3d 1315 (11th Cir. 2008), and it is currently stayed pending our decision in this appeal; and (2) he tried to assert his supposedly unexhausted claims in state court, and the state court determined that Day's claims were barred by res judicata because he had brought them in previous state actions.

Subsequently, in May 2008, Day filed the present pro se Rule 60(b) motion for relief from the judgment in Day I, seeking to vacate the dismissal without prejudice on the ground that the state's inconsistent positions on exhaustion constituted "fraud upon the court" and prevented him from having his claims adjudicated on the merits. The district court dismissed the motion as untimely, finding that Day had not filed his Rule 60(b)(3) motion alleging fraud within a year of the judgment.[1] We granted a certificate of appealability ("COA") on the

---

[1] Day also sought relief under Rule 60(b)(5) and (6), without success. Because he does not challenge the district court's ruling in this respect, however, those issues are abandoned.

following issue: "[w]hether the district court erred in determining that Day's Fed.R.Civ.P. 60 motion was untimely." Day argues that the district court erred by dismissing his Rule 60 motion without considering if it fell within the savings clause of Rule 60(d), which lacks a time limit. After careful review, we affirm.

We review "a district court's ruling upon a [Rule 60] motion for abuse of discretion." Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Rule 60(b) motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either: (1) raise a new ground for relief, or (2) attack a federal court's previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). Rule 60(b) may, however, be used to assert that a federal court's previous ruling precluding a merits determination was in error. Id. at 532 n.4.

A COA is required "for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254" petition. Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007). Once granted, appellate review is limited to the

Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.), cert. denied, 129 S.Ct. 74 (2008).

3

issues specified in the COA. <u>Murray v. United States</u>, 145 F.3d 1249, 1250-51 (11th Cir. 1998). However, procedural issues that must be resolved before we can address the underlying claim specified in the COA are presumed to be encompassed in the COA. <u>McCoy v. United States</u>, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). Moreover, we may affirm the district court on any basis supported by the record. <u>Watkins v. Bowden</u>, 105 F.3d 1344, 1353 n.17 (11th Cir.1997).

Federal Rule of Civil Procedure 60(b) and (d) provides, in part, as follows:

**Rule 60.    Relief from a Judgment or Order**

(b) Grounds for Relief from a Final Judgment. . . . On motion and just terms, the court may relieve a party . . . from a final judgment . . .  for the following reasons:

* * * *

(3)  fraud  .  .  ., misrepresentation, or misconduct by an opposing party;

* * * *

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

* * * *

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

4

> (1) entertain an independent action to relieve a party from a judgment . . . ; [or]
>
> * * * *
>
> (3) set aside a judgment for fraud on the court.

Fed.R.Civ.P. 60.

Thus, although subsection (b)(3) limits a party to bringing a motion within one (1) year, the district court may also entertain an independent action to "set aside a judgment for fraud on the court" even if more than a year has passed. Fed.R.Civ.P. 60(d)(3); Rozier v. Ford Motor Co., 573 F.2d 1332, 1337-38 (5th Cir. 1978).[2] A court may consider a Rule 60(b) motion as an independent action for relief where the adverse party would not be prejudiced. See Bankers Mortg. Co. v. United States, 423 F.2d 73, 77, 81 n.7 (5th Cir. 1970).

"Fraud upon the court" under Rule 60(d) embraces only " . . . fraud which does or attempts to, defile the court itself . . . so that the [judiciary] cannot [properly decide the] cases that are presented for adjudication, and relief should be denied in the absence of such conduct. Fraud inter parties, without more, should not be fraud upon the court, but redress should be left to a motion under Rule

---

[2] We adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

5

60(b)(3) or to an independent action." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985) (quotation omitted).

Moreover, the essential elements of an independent Rule 60(d) action were recited in Bankers Mortg. Co. as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud . . . which prevented the [movant] . . . from obtaining the benefit of his [position]; (4) the absence of fault or negligence on the part of [movant]; and (5) the absence of any adequate remedy at law.

Bankers Mortg. Co., 423 F.2d at 79. Independent actions for relief under subsection (d) "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).

Where the district court dismissed a habeas petition for failure to exhaust without prejudice, the petitioner may refile the action. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979). Moreover, a harmless error, one which does not affect a party's substantial rights, is not a ground for "for vacating, modifying, or otherwise disturbing a judgment." See Fed.R.Civ.P. 61. For an error to affect

6

substantial rights, it generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734 (1993).

The district court here correctly determined that a motion under Rule 60(b)(3) was untimely. However, because: (i) Day was proceeding pro se; (ii) he referenced "fraud on the court" at one point; (iii) "fraud on the court" can support an independent action under Rule 60(d); (iv) there is no express time limit on bringing such an action under Rule 60(d); and (v) the district court did not consider this possibility before dismissing Day's motion as untimely, the primary focus of our inquiry is on whether this was error, and, if so, whether it was harmless.

Nevertheless, even if we assume, arguendo, that the district court abused its discretion by not liberally construing Day's motion as a timely one alleging an independent action under Rule 60(d), the record does not reflect the essential elements necessary to bring such an action. Indeed, with respect to the availability of an adequate remedy at law, the district court dismissed Day's original § 2254 petition (Day I) without prejudice for lack of exhaustion, and once Day exhausted his state remedies, he was free to refile his action -- which he apparently did in Day II, a proceeding that remains pending. Therefore, to the extent the district court erred by: (i) failing to construe Day's untimely pro se Rule 60(b) motion as a

7

timely one under Rule 60(d); and (ii) dismissing any request by Day for post-judgment relief thereunder, any error was harmless. Accordingly, we affirm on this basis.

**AFFIRMED.**