[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11210
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01258-PGB-TBS


JORGE NIEVES, JR.,

                                                    Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                    Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Nieves, Jr., a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition.  We granted a certificate of appealability ("COA") on the issue of whether the district court erred in dismissing Nieves's Claim 5, in which he argued that his counsel was ineffective for failing to request a "stand-your-ground" hearing, on the grounds that it was unexhausted and procedurally defaulted.

We review mixed questions of fact and law *de novo* and findings of fact for clear error.  *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).  Whether a petitioner exhausted state court remedies is a mixed question of law and fact, which we review *de novo.  Fox v. Kelso,* 911 F.2d 563, 568 (11th Cir. 1990).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are, thus, liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Before bringing a habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction.  28 U.S.C. § 2254(b), (c).  A failure to exhaust occurs "when a petitioner has not fairly presented every issue in his federal petition to the state's highest court, either on direct appeal or on collateral review."  *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quotation marks and brackets omitted).

2

"In Florida, exhaustion usually requires not only the filing of a [Fla. R. Crim. P.] 3.850 motion, but an appeal from its denial." *Leonard v. Wainwright*, 601 F.2d 807, 808 (11th Cir. 1979). Rule 3.850 requires the state court to determine whether an evidentiary hearing is required or whether the motion may be denied without a hearing. *See* Fla. R. Crim. P. 3.850(f).

To exhaust a claim, it is not sufficient that the petitioner has been through the state courts or that all the facts necessary to support his claim were before the state courts. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). Rather, the petitioner must have "afford[ed] the state courts a meaningful opportunity to consider the allegations of legal error." *Pope*, 680 F.3d at 1286 (quotation marks and brackets omitted). The claim will be exhausted as long as the substance of the claim was presented to the state courts, "despite variations in the . . . factual allegations urged in its support." *Id.* (quotation marks omitted). We have determined that courts should use "flexibility in determining whether defendants have met the exhaustion requirement." *Id.* (quotation marks and brackets omitted). Thus, even if there is variation between them, the issue remains exhausted if the federal claim's legal basis and specific factual foundation is the same as it was presented in the state court. *Id.*; *see also Henry v. Dep't of Corr.*, 197 F.3d 1361, 1367 (11th Cir. 1999) ("The exact presentation of the claims in the state and federal courts may vary some.").

3

In *Henry*, the petitioner raised two ineffective-assistance-of-counsel claims in a Rule 3.850 motion that was denied by the state court. 197 F.3d at 1363. The petitioner appealed the denial of his Rule 3.850 motion, characterizing the issue as whether the trial court erred in denying his motion without an evidentiary hearing. *Id.* He then filed a § 2254 petition in federal court, raising the same ineffective-assistance-of-counsel claims. *Id.*

We noted that Florida state procedures made it appropriate for a petitioner to request an evidentiary hearing before requesting a new trial, making "the difference between a request for an evidentiary hearing in state court and a request for a federal writ under § 2254 (in practical effect here, a request for a new trial)" insufficient to "render a petitioner's constitutional claims unexhausted." *Id.* at 1367. Thus, we determined, in relevant part, that the petitioner had exhausted his ineffective-assistance-of-counsel claims because "a request for an evidentiary hearing on ineffective-assistance-of-counsel claims is plainly enough an argument that the petitioner [had] evidence to show his entitlement to a new trial." *Id.* Specifically, we determined that the "difference between a request for an evidentiary hearing and a request for more substantial relief, both premised on the same constitutional claim, is not material to the exhaustion inquiry." *Id.* We also noted that if Florida procedure required more of a petitioner in a Rule 3.850 motion, then a request for an evidentiary hearing alone might not be enough to

4

exhaust his claims. *Id.* at 1368. But, because Florida's Rule 3.850 provided that the trial judge determined how much procedural attention a Rule 3.850 motion warrants, the petitioner was not required to be more specific in his request for relief in his post-conviction motion to exhaust his claims. *Id.*

A district court reviewing an unexplained state-court decision on the merits should "look through" that decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The state may rebut this presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Id.*

The district court erred in dismissing as unexhausted and procedurally defaulted Nieves's claim that his counsel was ineffective for failing to request a hearing on his stand-your-ground motion. Specifically, while Nieves characterized this claim on appeal from the state court's denial of his Rule 3.850 post-conviction motion raising the same claim as the state court's error in failing to order an evidentiary hearing on his counsel's ineffectiveness, our decision in *Henry*, 197 F.3d at 1367-68, compels our conclusion that Nieves's characterization of his claim to the state appellate court was sufficient to exhaust Claim 5 which Nieves now brings in federal court. In other words, the same constitutional claim was fairly presented and exhausted in state court. Moreover, the record demonstrates

5

that the state trial and appellate courts were both afforded a meaningful opportunity to consider Nieves's allegations of error.

**VACATED AND REMANDED.**[1]

---

[1]    Nieves' motion to strike portions of the Appellees' brief is DENIED.